IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Alcoa Kennardo Williams,<br><br>                Plaintiff,<br><br>vs.<br><br>Major Janice B. Eargle; Captain Virginia Burton; and Lieutenant LaTaisha Lott,<br><br>                Defendants. | C/A No.: 8:10-41-JFA-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on a motion for summary judgment filed by Defendant Major Janice B. Eargle ("Ergle").[1] [Doc. 79.] Plaintiff, a prisoner proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. [Doc. 1.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff's original complaint[2] alleges the following conditions of confinement at Saluda County Detention Center ("SCDC"): (1) no fire drills are conducted and escape routes are not posted; (2) no rules and regulations are posted; (3) there are no disciplinary forms or disciplinary hearings; (4) law material is denied; (5) inadequate recreation time;

---

[1] It appears Ergle is the correct last name of this defendant.

[2] It is unclear whether Plaintiff intends to proceed on the claims in his original complaint, as he does not expressly incorporate them into his amended complaints. In the interest of liberally construing the pleadings, the Court construes the allegations of the original complaint as incorporated into the second amended complaint.

(6) shower opportunities are insufficient; (7) inmates placed on lock-down remain shackled during recreation; (8) grievances are not answered; (9) the classification system is unclear or not followed; (10) all inmates are punished for one prisoner's misbehavior. [Doc. 1 at 3–4.] Plaintiff seeks injunctive relief, $125,000 in monetary damages, and $125,000 in punitive damages. [*Id.* at 5.]

Plaintiff filed an amended complaint on March 8, 2011, alleging he had been transferred to the Laurens County Detention Center ("LCDC") by Ergle in retaliation for filing his lawsuit. [Doc. 48.] Plaintiff filed a second amended complaint on April 21, 2011, re-alleging his claims of retaliatory transfer against Ergle. [Doc. 71.][3]

Defendants filed an initial motion for summary judgment on August 2, 2010. [Doc. 28.] A report and recommendation was issued by United States Magistrate Judge Robert S. Carr on October 4, 2010, recommending summary judgment be granted. [Doc. 36.] The Honorable Joseph A. Anderson, Jr. denied the report, based on Plaintiff's then-pending motion to amend the complaint. [Doc. 43.] Ergle filed the instant motion for summary judgment on May 13, 2011. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Ergle's motion. [Doc. 80.] Plaintiff filed a response in opposition on June 20, 2011. [Doc. 83.] Accordingly, Ergle's motion is ripe for review.

---

[3] Plaintiff has subsequently been placed into the custody of the South Carolina Department of Corrections.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage."  *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.  This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

4

A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at

252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

**Retaliatory Transfer**

Plaintiff's claim for retaliatory transfer is based on the following statement by Ergle in a letter to Plaintiff dated May 17, 2010: "You are at Laurens because you [] have filed papers against employee[]s of the Saluda County Detention Center." [Doc. 71-2 at 4.] The letter also notes Plaintiff's prior disciplinary problems. [*Id.*]

To succeed on his retaliatory transfer claim, Plaintiff must allege facts sufficient to demonstrate the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citations omitted). Additionally, Plaintiff must show Ergle's actions adversely impacted him. *ACLU of Md., Inc. v. Wicomico Cnty., Md.*, 999 F.2d 780, 785 (4th Cir. 1993). Many courts have also held a plaintiff must come forward with specific evidence "that but for the retaliatory motive, the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *see Miska v. Middle River Reg'l Jail*, No. 7:09cv172, 2009 WL 1916726, at *5 (W.D. Va. July 2, 2009).

To state a First Amendment § 1983 retaliation claim, a plaintiff must establish three elements: (1) the plaintiff's right to speak was protected; (2) the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) a causal relationship existed between the plaintiff's speech and the defendant's retaliatory action. *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685–86 (4th Cir. 2000) (citations omitted). The court will assume the existence of the first element, as "[t]he filing of a lawsuit carries significant constitutional protections, implicating the First Amendment right to petition the government for redress of grievances, and the right of access to courts." *ACLU of Md., Inc.*, 999 F.2d at 785 (quoting *Hoeber on Behalf of NLRB v. Local 30*, 939 F.2d 118, 126 (3d Cir.1991)).

Turning to the second element, "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of [the protected] rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (internal quotation marks and citations omitted).

7

Generally, transfer to the general population of another prison alone is not an adverse action upon which a retaliation claim may be based. *See Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003) (unpublished) ("[T]ransfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights." (internal quotation marks and citations omitted)).

Here, Plaintiff has provided no allegations or evidence his transfer to LCDC had any foreseeable adverse impact on him. Additionally, Ergle has submitted evidence, undisputed by Plaintiff, that Plaintiff had to be moved frequently at SCDC, and ultimately transferred to LCDC, due to his difficulty interacting with other inmates and his disciplinary problems, such as masturbation in the presence of female staff. [Doc. 79-2 ¶¶ 9, 11.] Because Plaintiff has failed to show he was adversely impacted by the transfer or that he would have remained at SCDC but for the alleged retaliation, Plaintiff has failed to set forth a valid claim for retaliation. Therefore, it is recommended that Ergle's motion for summary judgment be granted.

**Remaining Allegations**

With regard to Plaintiff's remaining claims (*see supra* footnote 2), Plaintiff has failed to state a claim on which relief can be granted.[4] As an initial matter, Plaintiff no longer has standing to request injunctive relief related to the alleged conditions of confinement. To satisfy the case or controversy requirement of Article III, a plaintiff must show a personal threat of ongoing or future harm, the likelihood that the wrongful behavior will occur or

---

[4] To protect against possible abuses, 28 U.S.C. § 1915 allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

continue, and that the threatened injury is impending. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Further, claims for injunctive or declaratory relief generally become moot when the plaintiff is no longer subjected to the condition complained of, as here. *Williams v. Griffin*, 952 F.2nd 820, 825 (4th Cir. 1991). Therefore, Plaintiff is not entitled to injunctive relief on his claims.

With regard to Plaintiff's claim for monetary damages, he has not demonstrated he has standing to bring the claims. Plaintiff complains generally about the aforementioned conditions of confinement, but does not allege that he has personally suffered a loss of constitutional proportions. Plaintiff has no standing to bring the action because he has not alleged that he, himself, sustained a deprivation of a right, privilege or immunity secured by the Constitution or federal law. *See Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977). To demonstrate standing, Plaintiff would have to have alleged personal injuries fairly traceable to a defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *Allen v. Wright*, 468 U.S. 737, 751 (1984). Accordingly, it is recommended that Plaintiff's remaining claims be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendants' motion for summary judgment be GRANTED and Plaintiff's remaining claims concerning the alleged conditions of confinement be DISMISSED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 17, 2012
Greenville, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).