UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alcoa Kennardo Williams, | ) | C/A No. 8:10-41-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Major Janice B. Eargle; Captain Virginia Burton; and Lieutenant LaTaisha Lott, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff brings this action pursuant to 42 U.S.C. § 1983 setting forth various complaints of the conditions of confinement at the Saluda County Detention Center (SCDC) where he was formerly housed. In his amended complaint, he added the allegation that he was transferred to another detention center in retaliation for filing this lawsuit.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the defendants' motion for summary judgment should be granted. Specifically, the Magistrate Judge suggests that the plaintiff has failed to set forth a valid claim for retaliation and that the remaining conditions of confinement allegations are moot because the plaintiff is no longer housed at the Saluda Detention Center. The Report

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

On February 21, 2012, the plaintiff was mailed a copy of the Report and Recommendation, which was filed on that same day, and advised of his right to file objections to the Report. The Report was mailed to the last known address of the plaintiff, that being the Kirkland Correctional Institution R&E at 4344 Broad River Road, Columbia, South Carolina 29210. Such address was provided by the plaintiff to the Clerk of Court in a notice filed on August 10, 2011. No other updates are noted on the docket sheet after this date, although several changes of address were filed in 2010 by the plaintiff. Thus, it appears that the plaintiff was well aware his important obligation, announced in a court order of January 21, 2010, directing him to *always* keep the Clerk of Court advised in writing of his address change or he could face dismissal of his case.

As the plaintiff has not notified the Clerk of a new address and the Report was returned to the Clerk by the U.S. Postmaster, the plaintiff has obviously not receieved the Report and consequently, he did not file objections to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The plaintiff has been advised by order of the court that he must keep the court advised at all times of his current address. The plaintiff has failed to do so, and the court has no way to communicate with the plaintiff.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The Report is incorporated herein by reference.

Accordingly, the defendants' motion for summary judgment is granted, and this action is dismissed with prejudice.

IT IS SO ORDERED.

March 12, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge